313-0841 Wee-Ma-Tuk Hills, Inc. Appellee by Bruce Field v. Larry and Diane Nelson, Appellants by James Skinner. Mr. Skinner? May it please the Court, ladies and gentlemen of the panel, I'm Jim Skinner. I'm the attorney for the Nelsons. Mr. and Mrs. Nelson are actually here today. They wanted to see the process. They said, well, it's something to see, so they came up. Briefly, this appeal really, in my mind, is a very limited inquiry and a very narrow issue regarding 615. Just briefly, the short synopsis of how we got here today. Back in the late 50s or early 60s, the Wee-Ma-Tuk bought some, I think, strip mine ground near Cuban, Illinois, which is a small town in Fulton County. And they developed that with several lakes and several different subdivisions. And as the Court knows, they developed numbered lots, which were sold off, and then there were some outlots, which is really what this is about today. And those platted subdivisions left some outlots. And there's exhibits to the complaint, I think, we referred to that show that. Over time, various lots were sold off. Ultimately, they tried to sell the outlot. My client, Wee-Ma-Tuk, filed a lawsuit for trespass and quiet title against my client relating to an outlot that adjoins their house. They also want another numbered lot, which is not on a lake away from their house. We, in fact, then counterclaimed on several issues, which the one before you is count three of our counterclaim, which is an implied easement. This is really a case about interpretation of 735 ILCS by 615. That's what it's about. There's really black letter of established law that deals with 615. I cited to Vernon versus Shuster, which is a Supreme Court case. Just in synopsis, it indicated, the law is clear that the 615 motion attacks the legal sufficiency of a complaint. It does not raise affirmative factual defenses, but only defects in the face of the complaint. And the only consideration is whether or not the allegations of the complaint, viewed in a light and most favorable to the plaintiff, are sufficient to state a cause of action. And it has to be shown that the cause of action has to clearly show that there are no set of facts on which the plaintiff can proceed in order for a motion to be granted. We would submit that, based on the allegations of complaint, that we have alleged sufficient facts to support a claim of easement by implication. I'm not going to go into the specific paragraphs of the complaint. I did that in my brief. I don't know if that's necessary today. We have established, by the factors that were set forth in GACI, and we used the GACI case. I cited that just because I thought the clarity of the elements was good in that. It's really an easy by necessity case, but it's talking about the elements which are the same. It's the Chicago Tribal Trust case and the Cosmopolitan National Bank case. Supreme Court cases also discuss it. But in order to allege easement by implication, you have to show three things, which are that there is an ownership of dominant and subordinate states by a common grandeur, followed by separation of title. I don't think there's any dispute about that by anybody in this case. Then the other two, I think, are more disputed. There has to be use of the easement before separation in an apparent, obvious, continuous, and manifestly permanent manner. And three, necessity of easement to the beneficial enjoyment of the dominant state. You don't have to show that proof of prior use in a situation where the land could not be used absent an easement without disproportionate effort and expense. We would submit in this case that without outlots on these various lakes, including outlot T, and that two things cause problems. Number one, people who have a lot on one lake have no access to any of the other lakes. And number two, that people who own, including my clients, who own outlying lots that aren't on lakes and have no access, and it reduces, obviously, the value significantly of that outlying lot, because it now has no access to any lakes. So we would allege that in this case, that we have shown that we don't have to prove number two. I know there's been a lot of dispute regarding the necessity of an easement to access these lakes. But in citing to the Chicago Tidal case and the College of Colorado National Bank case, College of Colorado National Bank, they said it's recognized in this regard that a claim easement need not be really necessary for the enjoyment of the state granted or retained, but is sufficient if it's highly convenient and beneficial. And Chicago Tidal and Trust also said when the owner of the entire state has arranged it so that one portion of it derives benefit and advantage from the other, of a permanent open and visible character, then sells the portion and the purchaser takes the portion sold with all the benefits and burdens which appear at the time of the sale. Another important element of this, really, I think is key to this analysis, is that the cases indicate that what you have to consider when you're looking at easements by implication is the intention of the parties at the time. To me, that doesn't dovetail well with the 615 motion, because it's hard to inquire as to what the intentions were at the time, just based on the face of a pleading. Don't those cases that you're talking about talk about access to a highway or a roadway? Yeah, sort of. I think the Chicago Tidal and Trust, I believe that's the one where there's an apartment building. Yeah. Chicago Tidal and Trust, there was six houses next to each other, or six townhouses like in Chicago. And there was kind of a sidewalk on one side, and the inn owner bought it and then fenced it off. So their argument, the defendant's argument, was, well, you can walk all the way around the other way. So I don't think they're all like that. I don't think you have to show that there's absolute block. We're not asking for an estimate by necessity here, because that's not going to happen. What are you talking about? More necessary travel, such as walking down the street or getting your car from your lot to a public way, as opposed to access to a lake? I think most of them, I think you're right. Most of them do talk about that. I know that the Winnituck's attorney did look for one about a lake. I mean, it doesn't surprise me that much if there isn't a reported case about a lake. I've never seen anything, however, that limits it. I mean, I think that the limitation is really the beneficial, like they say in the Colorado National Bank. It just needs to be sufficient, highly convenient, and beneficial. In this case, we would submit that the entire intent of this subdivision, and I think I talked about a golf course in my client group, but the entire intent was for recreation. I mean, that's what this thing was set up for. I mean, it was a recreational subdivision of several lakes, and the whole intent was people are going to fish there, people are going to boat there. That's what they're going to do. And so I think that's a key analysis that, I mean, wasn't undertaken by the trial court here, because we never heard any facts. But I think those kind of facts are important. I mean, the trial court, as you know, decided that what was granted here was a license, and we would submit based on that that's going beyond what you can do in a 615 motion. I think that's an issue. I mean, I really don't give you wrong to say that I believe that's exactly what's going to happen. I mean, we're going to have some factual analysis, and there's going to be probably dual motions for summary judgment, and the court's going to decide that. But I think that's going beyond what you can do in a 615 motion. I think all we have to do is prove that we pled the elements. I mean, once we've done that under 615, then it goes forward until somebody files a motion, the facts are discovered, and then we file a motion for summary judgment, or probably both parties file a motion for summary judgment. When you pled the third element, you pled it was beneficial? Yes. I think I said that I said that I think paragraph 16 and 17 of my complaint indicate that my clients have no access to, well, their second tier lot loses value because it has no access to the lake that their house is on. And there are other lakes in the subdivision. And when all those outlaws were sold off, then they have no access to those other lakes anymore either, which they used to have. And so I think that there's, again, I'm going back to what the intent of the whole subdivision was. It was intended to be recreational. And when you take away the ability to do that, that was a key factor in this. And I think I said this in my reply brief about the golf course. I mean, if somebody builds a golf course, and then you build all your house around it, and they say, well, you can't be a member of this golf course anymore, well, that's a pretty important loss. I mean, and this is something like that, where you can't, you can no longer access the lakes. And so you bought this for that intent. And you're not alleging necessity? I'm not, no. I don't, I mean. And the, isn't it the Supreme Court cases that have talked about easements talk about necessity? Well, I think that, I said, Chicago Title Trust doesn't, or either one. They talk about highly beneficial and convenient. I think is what. Beneficial or convenient. Comptown National, Cosmetolitan National Bank says that. And then Chicago Title and Trust talks about what the intent was at the time they sold it. I mean, you get whatever they intended at the time they sold it to you, is really what they say. And I think all these questions are exactly the questions that need to be answered in this case. But I don't think it was proper to answer those questions in a 6.15 motion. I think it's proper to answer those questions after there's depositions, after there's discovery, I mean, and after the facts have been laid out. And then I think that's exactly what the court's going to decide. I mean, exactly that. I mean, is it a license? Is it beneficial? Is it that? But I don't think that's what our standard is. Some of the questions that Justice Carter is asking would go to the consumer fraud claim. There were counts one and two in the counterclaim that were dismissed without prejudice. But they haven't been re-filed yet. No, and I don't think it's our intention to re-file those claims. On count three, did the court dismiss it with prejudice or without? With. I mean, I think there was a 304A finding, I believe. But there's no dismissal with prejudice. There is a 304A finding. But why can't you re-plead? Well, I think that was a final order. I mean, it was our argument that was a final order at the time. It's only a final order if it was dismissed with prejudice. Well, I believe they were dismissed with prejudice. I think the intent of the court was to dismiss count three with prejudice in that order. So in my opinion, count three is totally final. Without the 304A finding, you couldn't be here. Because there's other things still pending. So until everything is, no order is really final until it's all done. And the law's pending. That's the law. So we have an obligation to look at the 304 language to make sure that we do have jurisdiction here to consider the issue. And what I'm a little bit worried about is the court's ruling was in July. But there was no request for 304 language at that time. And so I'm guessing that negotiations were ongoing and unproductive. Because there is an agreement here in the order. And then eventually, there's 304 language, 304A language, three or four months later. I think what happened, Your Honor, the ruling might have been that I have it actually in front of me. I think it was July 23rd was the initial ruling by a text or a handwritten order. When I read that order, I was concerned about this very issue. And so what I did, I believe, is I filed on the August 22 before 30 days passed, because I was worried about this very issue coming up. So I filed a motion for a 304 replying, because I was worried that the court might say that. It might say that, well, you know, have there been. Oh, I'm so glad I'm predictable. But you can see, and then what led in your right. Then some negotiations, we discussed this. And we just figured out what we needed to do. And so we entered that order later with the intent to make it a final appeal order. That's what we were trying to do. I mean, that's exactly what we were thinking about when we did that. So I don't think the 30 days matter. It could be 90 days or 100 days, as long as they're there. It's not finally appealable without the 304A until the whole case is wrapped up. But that's what I was worried about. So that's why I did it that way. I mean, so that's the fact that the other compounds were dismissed without prejudice, you don't think, has an impact on it? Well, I think that that order entered in, I don't know, it was October. I think it was October sometime, October 22nd, or something like that. But the date's not really relevant. Yeah, but the October 22nd terminated this case. Because the quiet title and the trespass actions, I mean, we acknowledged when the trespass was gone that they said he had a pontoon boat or something else on the property. So we took the pontoon boat. It's not on the property. So that was gone. And the quiet title, we never alleged to own the property. We only alleged some type of easement. So our belief, I mean, I'm speaking also to the other attorney who isn't here. That wasn't him. But it was that that terminated the case, that their case would be great. So you didn't need 304A, did you? Well, maybe not. We were trying to be safe. I was trying to be safe. And that's why I put it in. I was trying to be safe. We were talking about the July 23rd. The July 23rd that later became the October 22nd. And that's the order that references the July 23rd. But the July 23rd order that you're up here on, it didn't say with prejudice. The other order said without prejudice, dealing with the estoppel and the consumer fraud count. It didn't say with prejudice or without prejudice, did it, the July 23rd? I don't believe it did. I don't believe it did. That's why I was concerned about whether it was a final appeal of the order. Because it did not. I don't believe it does. I mean, I'm not looking at it. But my memory is it does not say that. Because that's exactly why this issue came up. Because that's what we were concerned. That's what I was concerned with. Counsel, that's two minutes. And something like that, you could refile within the year, then? Well, potentially, I suppose I could refile this count one and two. It's not my intention to do so. My intention is to proceed on count three. You didn't voluntarily dismiss counsel on the two votes? I did in the end, yes. You did? You voluntarily? I did voluntarily dismiss them. There was a motion to dismiss pending when we decided to proceed only on count three. I mean, so before, it was heard I voluntarily dismissed them. I mean, I thought you did dismiss those after. I did, yes. I voluntarily. And I think the court's probably correct. Probably, I could refile them within a year. The other counsels probably could. But it isn't my intention to do so. How did you abandon the consumer's right claim? Huh? How did you abandon the consumer's right claim? I guess you don't have to answer that question. I had a reason as to why I abandoned it, but I don't remember what it was. It may have been, if I remember right, I hate to do it. That's fine. OK. In short, we believe that the intention of the parties, and whether or not this is a license or not, is really not a question for a 615 motion. We believe we submitted sufficient facts in this case that, on your de novo review of this, that you should reverse the trial court and remand it with orders that the Wiemann-Tuck answer to count three. Let me ask you this. Is the intention of the parties an issue in your easement by implication? I'm sorry. Is that one of the elements? I mean, the intention of the parties is almost like an implied contract. It's the intention of the parties. So easement by implication doesn't necessarily, I mean, that's not an element that the parties intended to be an easement at the time? I think it, I mean, the case law, I mean, going back to Gacky and all these cases, talk about, I mean, specifically in Gacky, it says, If you've got necessity, does it matter? If you really have necessity, does it matter? You know, if it was a seller, you'd say, no, my intention to landlocked, won't that matter? Yeah, if you have true necessity or if you just have an easement by implication, then I think it does matter. And easement by implication, I think it does matter what the parties intended at the time. I mean, I think that there's two different issues. I mean, easement by necessity is more in these cases where there is absolutely no access of any kind. I mean, our position is this is an easement by implication, is that the parties intended that. And we argue that by saying, you know, we've seen the Exhibit Start complaint. It talks about that they were given things that said that was the intent of the parties. I mean, the plats themselves differentiate the outlots from the lots. There's letters saying things like that from various people. I mean, that's not really before this court. But we have, we believe we've submitted evidence to show that there was some intention of the parties. There clearly was intention of the parties for some type of use of that outlot. Now, whether that rises to an easement or a license, I think is the issue for the trial court, ultimately after discovery. I don't think it's an issue for a 615 motion, though. Counsel's time. Thank you. I have one question. How would you describe the case law in highly convenient? Well, I don't know. I don't know that I've seen anything that says what highly convenient means. I mean, you look at it. Highly convenient and beneficial. Yeah, I mean, that's what the Supreme Court cases say, highly convenient and beneficial. I've not seen anything that describes what that is. I mean, there's necessity and necessary. And in this, I think it's 1956 case, isn't it? I think it is, yeah. The 1956 case throws in this other language. Yeah, Chicago Trial and Trust, and I think the College of Tolerance case are both like 55, 56 cases. And that's, they say that. I mean, the Supreme Court says highly convenient and beneficial. I've not seen anything that really says what exactly it is. Again, we're talking about convenient. Yeah, that's the case. That's where it came from. That's why I said that. So that's why we did that. Yeah, I don't know what that. I guess the rephrase question, what's the difference between highly convenient and necessity? If it were me deciding that, I would say that this is a case where it benefits your property. And necessity is a case where, I mean, the one case in here is where there was, and I don't know which one, I think it's Gacky, where there was absolutely no access of any kind. Yeah, the typical easement case that they're fighting about is they have no access to the dominant state unless they're provided this easement by implication. Yeah. Those are the classic cases. They are. The necessity case is where you get a taxi, it's totally landlocked, and you have absolutely no access. I mean, those are necessity cases. This is an easement by implication case, which is the highly convenient side of it, I think. It's a different, I mean, I think it's a little bit different. I mean, this is one where we're saying it benefits our property, and it was intended to benefit our property, and that's why we should have it. I mean, that's what we're saying. I think it's a little different than the other. So if anything that benefits a property is the test, then no matter how much access you have elsewhere, anything could go, right? Well, no. That's sort of a loose standard, isn't it? Well, it says highly. Benefit means everything. Anything that's convenient. Well, it says highly convenient and beneficial. I mean, I don't think that goes that far. So it's parsing highly. Yeah, I think that is what you have to do. Thank you, Your Honor. All right. Thank you, Your Honor. Mr. Beal? Good morning, Your Honors. It's great to be here. It's been a long time since I've been up here. It still looks as beautiful as it was the last time I was here. My name is Bruce Beal. I represent the appellants. And I think that we are here today on a pretty narrow issue. And I don't know whether you've had a chance to look at the Exhibit A that's in a lot of the pleadings. This is probably a little better copy than the one you have. But this is focused around a big lake, Wematuck, and some other smaller lakes around there. And there are some outlaws. And we're not talking about a case involving the appellants here where they don't have access to a lake. Their lot 241 is right on the big lake. And it's not landlocked. It has access to the water. But I think the sole issue on appeal here today in count 3 is whether it states facts sufficient to establish a claim for an easement by implication or easement by necessity. I think the words are almost used interchangeably by some of the cases. In order to create an easement by implication, appellants have cited the Gacky case. I think those are probably three good elements that we can take a look at. They're well described. The appellees really don't challenge the first two elements that counsel for the appellants advise the court about. The third one is the one we take issue with. And Justice Carter, I think you've raised questions about it already. There is no pleading of necessity, which I think is a key element. Just looking at the elements established by the Gacky case is a key element in the pleadings. They allege convenience. They don't even allege highly convenient. They just allege convenient. And I think there's a difference between highly convenient and convenient. Most of the cases that we view in this area deal with landlocked properties. And at least one of the properties that the appellants own is not landlocked. The other one is. So is the issue something that can be cured with repleading? Well, I would have to say yes to that, because we're here in a 615 motion to look at the elements. And the elements aren't met, because there's no pleading of necessity, or in the one Supreme Court case, highly convenient. So this is a de novo review for the court to look at. You only examine the pleadings to determine when viewed in the light most favorable to the appellant, whether they meet all of the elements. And we don't think they do. We think they fail to allege necessity. Some courts, as I indicated earlier, have prescribed to a minority view. That's the Rocchetti case, where the third element alleges highly convenient. That case involved a pertinent easement, one that was already an easement that had been granted, but access was denied to a lake property. Those properties were all bordering on a lake, and they were denied access to the lake. So that was an easement case. That was pled as an easement case. But no Illinois cases for implied easements state that property owners not adjacent to the lake have any right to an easement for its enjoyment unless expressly established in the conveyance. And we don't have any conveyance. There's no grant, bargain, or sell here for an easement. There's nothing been recorded by Weematuck Association granting an easement to any of the outlaws for the lot owners. Instead, what their complaint sounds more like, and I think this is what the court keyed on, is a license. Or they're trying to get a license like one for air and light, which Illinois does not recognize. I would akin the prescriptive easement for water access as like an air and light one, which Illinois does not recognize. What about the, when you say the plaintiff had one lot that's landlocked, not landlocked right away, but from the lake. From the lake, yeah. Now, at the time, now, Weematuck Inc, I guess, is not a homeowner's association. No, it's not. It's a corporation that bought this property and sells a lot. That's correct. So how would they represent, when they're selling those lots that aren't on water, is there a question as to how they represented that you were going to get access? There is. What was attached to the pleadings as exhibit B, C, and D were efforts on the part of the appellants to show that an easement had been granted. But if you look at them closely, paragraph 24 on exhibit B says, outlots are provided on each lake for the purpose of providing access to the lakes for all landowners. And exhibit C, basically the same thing. Outlots are provided on each lake for the purpose of providing access to lakes for all landowners and members. And then exhibit C, outlots are provided on each lake for the purpose of providing access to the lakes for all landowners and members. These were handed out to the members at the time they bought lots. And we think that is more akin to a license than an easement. They're not granting, they're not giving up control of the property, which is what you have with an easement. Does that at least create a question of fact that really isn't easily resolvable in a 615 motion? Well, I think in a 615 motion, you need to look at the pleadings. And these were attached to the pleadings, so they're part of the pleadings. And you're not getting the language that customarily goes with an easement, that grant, bargain, and sell. I'm giving up control of this and allowing you exclusively to use it. Instead, this is granted to everybody. There's no exclusion to it. If you're a lot owner, you're going to have permission to use it. Wouldn't that say to a reasonable person that if you buy a lot here, you're going to have access to each of the lakes? A licensed access, yes, it does. But not an easement. A revocable license. Yes, a revocable license. When they sell the lot, they sell the outlot, then the license goes away because WEMITEC no longer owns it. Whereas with an easement, if you sell the lot, the easement runs with the land. And anyone who purchases that property has the right to use the easement. And that's not granted here. It hasn't been sold to them. It hasn't been bargained for. They're giving them permission to go across this outlot, as long as they have it, to get access to the lake. And like I said, it's not like the- But it can be argued that they bargained for the fact that their outlot would not be sold. It could be argued that. But were I a purchasing lot owner- Following up on Justice Mitchell's question, really there's some questions of fact. There are questions of fact. I don't deny that. And I agree, a 615 motion is not, the purpose isn't to decide the facts. It's to look at the pleadings. The pleadings include facts that are alleged. And from those pleadings, I think you can- And once the pleadings are finalized, then there can be a motion for summary judgment. There can be. That's correct. Because these documents are on dispute. That's correct. With regard to this, this is a 615 motion that is dealing with the count three of the counterclaim. Count three of the counterclaim alleges it's titled an easement, right? By implication, yes. The easement by implication. And the elements necessary for easement by implication, there was a third element. Necessity. Necessity, although the Supreme Court in 1956- Highly convenient. Highly convenient and beneficial. Now, in their pleading, if I remember this correctly, they have, I think, two paragraphs that allege, two allegations, two numbered paragraphs that allege it's convenient to do this. That's all there is to it. So is the pleading error under 615, they didn't use the word highly, and they didn't use the word beneficial. So using the Supreme Court language, highly convenient and beneficial. So is the whole reason for, and as I understand it, it was dismissed, but it didn't say dismissed with prejudice. And then there's this 304A language. But there was no, so if we narrowly look at this as a pleading question, if you pled easement by implication, and all you do is say convenient, and the Supreme Court in 1956 uses the word highly convenient and beneficial, if that's all that's missing- They fail to meet the element. So then that can really easily be cured, can't it? It can be. By using the word highly and beneficial. Right. I don't disagree with that. I don't disagree with that. But the fact remains that they haven't met the pleading requirements of necessity or highly convenient. And that's the point that we're making. When were counts one and two of the counterclaim voluntarily dismissed? Was it prior to the court's ruling in July? Yes, I believe it was. So that's pretty much my summary, Justice Carter. In a 615 motion, you've got to look at the pleadings. You have to look what the elements are. And if you don't meet all of the elements of the pleading, then your count should be dismissed. I mean, when I look at this count three in the counterclaim, it seems that there's no dispute that the first two elements are pled. We're not disputing that. And then a lot of other stuff is pled in there, too, that's not dealing with easements by implication, really, but there's a lot of other stuff pledged, too. That's correct. But then when it goes to the third element, it's what we were talking about before. So this was phrased as a 304A appeal rather than filing an amended complaint, seeking to file an amended complaint. Right. What does this do with regard to, if we rule on the case, what does this do to an attempt to file an amended complaint in the future? Well, I think that's an argument for a future date. Whether we think that the order is with prejudice or without prejudice, the order doesn't say it's with prejudice. Doesn't that have to be resolved here? I don't think so. I think all the court has to rule on is whether the elements of the complaint were met. And if not, then it should remain dismissed. If the court had dismissed it with prejudice, then the issue on appeal would be, should the court have allowed them to re-plead. So I respectfully disagree with you. I think the issue has to be resolved here, whether it was with or without prejudice. OK. Read that language. What was that language in those paragraphs? It says, outlaws are provided or will be provided. For? You said in those paragraphs. Oh, yeah. Yeah, yeah, yeah. Outlaws are provided on each lake for the purpose of providing access to lakes for all landowners and members. So it doesn't say will. It says they are, which implies to me that it can be revoked. It's not a mandatory type of language. And again, there's a little slight of hand. I mean, I live out the corner of Dirt Road and Dirt Road, and I hunt fish, and I'm hoping that people that buy those lots assume that that language would lead a reasonable person that's unrepresented to believe, I'm going to have access to, you know, I've become a member of this homeowner's association, and I'm going to have the benefit of using all these. I don't disagree with that. We're giving you a license to have access to the lake. But this isn't like a landlocked situation, and I believe Justice Carter brought it up earlier, where you've got all of these, you have a dominant track that's severed, and all of a sudden, no one's got access to a road, or no one's got access to a sidewalk to get into their house or their property. This isn't that situation. But if you have to drive farther to get access to the lake, then what's the incentive of buying property in this? It's not a subdivision. Well, I guess, and here, it's not a matter of driving farther. It's a matter of no access. Right. Period. You can drive as far as you want. Right. None of the roads lead to the other lakes, right? That's correct. But there are, again, as part of the allegations that are dealing with the Eastman, not really dealing with Eastman by implication, it is pled that they were given a map or something with these outlets showing they actually use the outlets. They were told that this would be, they could have access to the lakes based on these outlets. This all pled in the count three of counterclaim, isn't it? It is, yes. Yeah. So they plead all that kind of stuff. And that's where the judge was going off on something else. But again, this pleading dealt with Eastman by implication. It did. That's correct. Counsel, that's two minutes. I have nothing further, Your Honors, unless you have any other questions. No, sir. Thank you, Mr. Beal. Thank you very much for your time. Mr. Skinner, do you have some rebuttals? Yes, sir. Two things. One, going back to the judge's dismissal order, a lot of the reason that we felt we had to appeal is because he went beyond just dismissing a complaint on 615. He specifically says, this is a license. So repleading would have done me little good when he found this is a license. He already found that we lose. I mean, you understand what I'm saying? That's specifically what he says, is this is a license, not an Eastman. So at that point, I mean, repleading, I don't know what it would have done for me. Because he didn't say, well, you didn't say highly convenient. He didn't say, you didn't meet this. He says, no, this is a license. That's what he says. Well, you know, none of this should ever be a trap for the unwary. But this was a 615 motion. That's what it was brought. That's what the judge was ruling on. The judge ruled that they were dismissing this. In other words, that it didn't state a cause of action. It wasn't the rare kind of plea where it's a judgment on the pleadings. It wasn't that kind of 615 motion. It was a pleading motion. It was. And so the pleading is the 615 meant that you didn't plead, which you were set out to plead easement by implication. That's what the ruling was. That wasn't with prejudice. That was just ruled. So then people sought the 304A finding. Yes. OK. And it's not pled that it's highly or beneficially disconvenient. It's two things. That was my next issue I was going to get to. And the court knows. It's a fact pleading jurisdiction. We only have to allege facts to bring a claim to the scope of a cause of action asserted. I mean, I don't know if it's kind of parsing to say we have to say highly convenient. We said specifically, I think, in 15 and 16, they have no access of any kind to the lakes. I think that and the convenient part of it, I think that's enough facts to say, well, obviously, if we have zero access, it's not convenient or beneficial to us. We have no access. And we didn't plead that. We have no access. Well, there must be a difference between highly convenient and convenient, isn't there? Potentially, but I don't know if that's a pleading issue. I think if you say enough that if you I guess I would like to think that saying highly or is convenient is not necessary just for a plea. I mean, it's definitely an issue that the court needs to resolve in a motion for summary judgment. I mean, whether it is or isn't highly convenient. But I think it could be one of those words like pregnancy. It either is or it isn't. I mean, there's not. Either it's pregnant or it's not, it's convenient or it's not. Let me see if I'm, I mean, what you're saying is if somebody buys a lot, not the lake bottom, to get access, because they want to hunt fish or fish, I suspect, I know there's nothing close to the river, probably not, but the fish, and now all of a sudden they don't have access to those lakes, it's more than just, I suppose, convenient. You're saying, I'm slovenly that I buy this land, I'm going to have use of these lakes, I'm a fisherman, and now they're telling me, you don't have access to lakes. We revoked the license. I don't like that word. And so what we've got to do, like you say, is in essence what the judge has done is ruled that all you have pled is a license. And then the question for us is, was he right? Did you plead more than just a license? Because it is a 2650, and you look at the pleadings as a whole, and our task is to determine whether he correctly found that you're pleading kind of three amounted to pleading only a license and not losing any location. Would you agree with that? Yeah, I do. I think I do, yes. I do, I mean, because that's what we're doing. If the judge found that you pled appropriately a license, then you have a proper pleading, even though you've miscategorized it. Then you pled properly. Well, he- Is that what you're saying? Well, no, I'm saying- Because I'm trying to get my hands around this. He said you didn't state a cause of action. That's what a 615 motion dismisses. That's what it's supposed to be, yes. If he said you did state a cause of action for a license, then you stated a cause of action. I don't think that's what he said. I think what he said was, I find this is a license. I don't think he's saying that we pled it was a license. I think he's saying this is a license, and it's not an easement, and so you can't win. That's what I think he's saying. That's from when I was there. That's what my belief is, what he was saying, is that- Can't win what? Can't win because- Can't win an easement by implication? Right, because it's a license. I think that's my perspective of what the judge was ruling, is that this is a license. You pleading an easement by implication doesn't matter, because this is a license. And so you know- So you think he did a 619 motion? That's what I kind of think he did, but I mean, that's not what it says he did. But I mean, that's kind of what I think, is that he made a decision based on that. Counsel, there's one minute. I don't have anything else, unless you want to add any more questions. Thank you. I appreciate it. Thank you, Mr. Beal. Mr. Beal, thank you all for your arguments here this morning, and we'll take the matter under advisement. A written disposition will be issued, and that's gonna be a brief recess for panel change for the next case. All right.